## THOMAS W. CORBETT vs. HARRY MATZ ET AL.

Third Judicial District, New Haven, Jan. Term, 1900. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under §§ 1107 and 1111 of the General Statutes, which require that
courts shall find the facts upon which their final judgments are
based and make them a part of the record, the facts must be found
and incorporated in the record when the judgment is rendered, or
at least during that term; for thereafter the court ceases to have
any jurisdiction of the case and cannot, by an additional statement,
annul, modify or supplement the underlying facts originally found
and recorded.

The provisions of Chap. 194, § 6, of the Public Acts of 1897, relating to
findings by the trial judge, have reference only to official statements
of fact to be used upon appeals to this court which are seasonably
taken.

In April, 1899, a decree of foreclosure was rendered against the present
plaintiff, the judgment file, which was in due form, stating that the
court found all the allegations of the complaint true. In Novem-
ber following, during the next term of court, the trial judge, in the
absence of any appeal and long after the time for taking one had
expired, made a special finding of facts purporting to be those upon
which the foreclosure judgment was rendered, which he directed
should be made a part of the record. Upon a writ of error subse-
quently brought to reverse the judgment, it was *held* that the trial
court had no jurisdiction to make the special finding in November,
and that the facts therein set forth constituted no part of the record.

Argued January 17th—decided February 13th, 1900.

WRIT of error to reverse a judgment of the City Court of
New Haven, *Dow*, *J.*, rendered against the plaintiff and
others, brought to the Supreme Court of Errors held at New
Haven within and for the third judicial district on the third
Tuesday of January, 1900. *No error.*

The case is sufficiently stated in the opinion.

*William B. Stoddard* and *Jacob P. Goodhart*, for the
plaintiff.

*E. P. Arvine* and *George E. Beers*, with whom was *E. P.
Arvine, Jr.*, for the defendants.

HALL, J. The defendants in error obtained a judgment of foreclosure in the City Court of New Haven on the 20th of April, 1899, in an action in which the plaintiff in error appeared as a defendant, filed an answer and was fully heard. The judgment file of that date, which is in due form, states that the court found all the allegations of the complaint true. There was no continuance of the case for any purpose, and no further action taken upon it during that term. Under the city charter a new term of the court began on the first Monday of the following July.

In the present writ of error brought to reverse that judgment, the errors assigned are, in effect, that the facts found by the City Court and appearing upon the record of that court are insufficient to support the judgment rendered, inasmuch as they show that the mortgage foreclosed was invalid because the debt which it secured was a conditional and not an absolute liability.

Writs of error upon matters of law reach only those errors which appear of record. As proof that the facts which are alleged to be insufficient to support the judgment, appear upon the record, the plaintiff in error relies upon a finding of facts, and an amendment thereto, signed by the judge of the City Court in the month of November following the date of the judgment, and directed by him to be made a part of the record.

If by such action of the trial judge the facts thus found are made part of the record of the judgment rendered at the previous term of the court, the question of the sufficiency of such facts to support the judgment may be raised by writ of error. *Goodrich* v. *Stanley*, 23 Conn. 79, 83 ; *Tolland* v. *Willington*, 26 id. 578; *Seymour* v. *Belden*, 28 id. 443, 444. Section 3, p. 91, Rules of Court, 1899, says that if the facts required to be found under §§ 1107 and 1111 of the General Statutes are insufficient to support the judgment, that constitutes an error apparent upon the record.

But if the facts thus found by the trial judge are not a part of the record of the trial court, the question of the validity of the mortgage which was the subject of the foreclosure suit

cannot be considered in this proceeding, since it is not claimed that the judgment is erroneous without those facts, or that in the absence of those facts the record discloses that the trial court by any ruling or decision held that a mortgage given under the circumstances detailed in the finding was valid.

Apparently plaintiff's counsel rely upon the provisions of § 6 of Chap. 194 of the Public Acts of 1897, as well as upon §§ 1107 and 1111 of the General Statutes, as authorizing the finding made in November and as empowering the judge to add those facts to the record of the trial court.

But the provisions of § 6 of the Act of 1897, requiring a judge to make a special finding of facts, and which are the same as those of § 4 of Chap. 50 of the Public Acts of 1882, have reference only to the preparation of a statement of facts to be made after judgment has been rendered, and to become a part of an appeal to this court. Such a finding is for the purpose of enabling the parties to present to this court by appeal the questions which were raised and decided in the trial court, and the judge is only required to make it at the request of the party giving notice of the appeal, which must be done within the time fixed by the statute.

This Act makes no provision for a finding in the absence of an appeal and after the expiration of the time for taking one. *Johnson* v. *Higgins*, 53 Conn. 236, 238; *Thresher* v. *Dyer*, 69 id. 404, 409.

It was no part of the purpose of this statute to enable the parties to an action to have spread upon the records of the trial court, as a part of the judgment, the facts conclusively determined in the action between them; and a special finding, merely for the purpose of an appeal, does not have that effect. That object, as well as "the inclusion of such facts in the judgment for the purpose of presenting the question whether the judgment is the true voice of the law upon the facts found," is amply provided for by §§ 1107 and 1111 of the General Statutes. *Thresher* v. *Dyer, supra; Kashman* v. *Parsons*, 70 Conn. 295, 304.

We do not mean to say that a special finding of facts obtained for the purpose of an appeal may not, when the appeal

is not pursued, be made the basis of a writ of error, when the finding is made a part of the judgment by a court or judge having at the time control of its own judgment and competent to erase or modify it. But such a finding becomes a part of the record of the trial court by force of § 1111 rather than of the Act of 1897.

In this case the plaintiff in error made no attempt to appeal to this court from the judgment of the City Court, and as the time for taking such an appeal had long since passed when the finding was made, it is not a finding provided for by the law of 1897.

But if it could be so regarded, it would avail the plaintiff nothing in this action, if the facts so found are inconsistent with those contained in the judgment file. The judgment file is the only formal written statement which expresses the decision rendered. Rules of Court, 1899, p. 33, §§ 94–96. No allegation of the writ of error can be entertained which contradicts the record.

The judge of the City Court, after the expiration of the time for taking an appeal and after the expiration of the term in which the judgment was rendered, had, therefore, no power to annul, modify or supplement that judgment by incorporating in it as its foundation the facts set forth in the finding, unless he was authorized to do so by the provisions of §§ 1107 and 1111 of the General Statutes.

Section 10, Chap. 13, of the Revision of 1875, p. 444, provided only that courts of equity should cause the facts upon which their decrees were founded to appear on the record. By § 30 of the Practice Act (Chap. 83 of the Public Acts of 1879), this was amended so as to read as in § 1111 of the General Statutes: "All courts shall keep a record of their proceedings, and cause the facts on which they found their final judgments and decrees to appear on the record; and such finding, if requested by any party, shall specially set forth such facts." Section 197 of Rules of Court, 1899, p. 55, provides that when all the material allegations put in issue are found for the plaintiff or defendant, the finding of the issues for the plaintiff or defendant, as the case may be,

Corbett *v.* Matz.

is "equivalent to a finding that all his material allegations which were put in issue are true, and will be a sufficient compliance with General Statutes, § 1111," in the absence of a request for a special finding. The making of either a general or special finding of facts as the foundation of its judgment, thus becomes a "duty cast upon the court to be discharged in every civil action, whether the judgment is or is not to be made the subject of appellate proceedings." *Scholfield Gear & Pulley Co.* v. *Scholfield*, 70 Conn. 500, 504. Section 3 of Rules of Court, 1899, p. 91, provides that the finding of facts required by §§ 1107 and 1111 of the General Statutes should ordinarily form part of the judgment file.

The finding intended by these provisions, whether it be general or special, is to become a part of the judgment of the trial court, that the parties may have spread upon the record the material facts within the issues, which have been finally determined, and that they may, if they desire, be enabled to present the question "whether the judgment is the true voice of the law" upon those facts. To comply with these requirements the finding of facts made under § 1111, whether general or special, should either be incorporated in the judgment file, or should be made a part of it by reference contained in the judgment file itself, or should be expressly made a part of the judgment by the terms of the finding.

A finding thus made a part of the judgment may, as we have already said, become the basis of a writ of error, and it may also become the foundation for an appeal by one who, having complied with the conditions imposed by the statute of 1897, is, at the time the finding is made, entitled to an appeal. But a finding of facts made when no appeal has been taken, and after the right of appeal is gone, cannot become a part of the judgment, nor of the record of judgment, nor the foundation of a writ of error to reverse the judgment, unless the court or judge at the time of making it possessed the power to render the judgment of which it is to become a part, or to modify or change the judgment after it had been rendered.

The judge of the City Court had no power under §§ 1107

Corbett *v.* Matz.

and 1111 to make the facts set forth in the finding the foundation of the judgment which is sought to be reversed, because he had no control over that judgment when the finding was made. The case was finally disposed of by the judgment rendered on the 20th of April. The judgment file of that date expresses the intention of the judge " to perform thereby his final act in reference to the cause and to embody therein his ultimate conclusion as to the law." While, after that time, he may have retained the power to modify the judgment or direct an amendment of the record, he possessed no such power after the expiration of the term in which the final judgment was rendered. The finding made by the judge in November of the next term of court is therefore not a record of the trial court.

In *Sturdevant* v. *Stanton*, 47 Conn. 579, a judge of the Superior Court, by a writing filed in March, 1878, endeavored to correct or complete a judgment, or the record of a judgment, rendered at a previous term in June, 1877, and the only record of which appears to have been this memorandum of the judge, upon the files returned to the clerk : " Decree that respondent recover costs." This court held that the judgment of June, 1877, expressed by this memorandum, exhausted the power of the judge over the case after final adjournment. " We cannot," said the court by PARDEE, J., " concede to him the power in March, 1878, to change that which he intended in June, 1877, should thereafter stand as his judgment."

In *Hall* v. *Paine*, ibid. 429, the Superior Court ordered an irregular judgment in favor of the defendant, rendered at a former term and duly recorded, erased, and in the absence of the plaintiff rendered a different judgment against him. JUDGE LOOMIS, in giving the opinion of this court upon a writ of error, said that " the inadequacy of the judgment . . . conferred no power on the court at the subsequent term, either to supplement the first judgment by a new one, or to erase and annul the judgment of the former term "; that the case was not pending in court at the latter term, and that the court " had no jurisdiction over the case at all."

The case of *Taylor* v. *Gillette*, 52 Conn. 216, does not conflict with the above conclusions. In that case a judge of probate was required to correct an appeal from the probate of a will, by describing the appellants as heirs at law of the testatrix instead of sisters. This court held that the judge of probate acted as his own clerk and that he might, like any other clerk, be required to correct an erroneous record. We may add that that case further differs from the one at bar in the fact that the original case, namely, the settlement of the estate, was still pending in the Court of Probate.

In the case before us the judgment file of April 20th contains a record of the facts upon which the judgment in question is founded, as is required by § 1111. The facts so found are sufficient to sustain the judgment, and the judgment is in no respect erroneous.

This case has been presented by counsel as if the only issue raised by the pleadings was one of law. The first defense was apparently intended to raise an issue of fact, as to the existence of the alleged record of the City Court. No proof has, however, been offered of the existence of any part of the alleged record, nor does even the alleged copy attached to the complaint as an exhibit appear to have been certified by the clerk of the City Court. We have assumed, as counsel seem to have done, that the only question to be decided was whether as a matter of law the finding of facts in question is a record in the foreclosure suit.

There is no error.

Judgment for defendants for costs.

In this opinion the other judges concurred.