NORRIS S. LIPPITT ET AL., RECEIVERS, vs. FREDERICK S. BIDWELL ET ALS.

First Judicial District, Hartford, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A writ of error is a common-law remedy, in the form of an independent action, to review, after final judgment, such alleged errors only as are apparent upon the judgment-record.

This record should be limited to an adjudication of such facts as are material to the issues tried; and therefore facts not apparent on this record, even if sufficient to warrant a reversal, cannot properly be alleged in a writ of error, but must be taken advantage of by appeal after a finding has been made for that purpose.

The impossibility of securing such a finding, owing to the death of the trial judge after final judgment, may warrant the aggrieved party in moving for a new trial, under the provisions of chapter 62 of the Public Acts of 1905; he is not, however, obliged to pursue that remedy, but, in lieu thereof, may resort to the more restricted one of a writ of error to review those errors which appear upon the judgment-record without the aid of a finding by the trial judge; for with respect to such errors, the two remedies, by appeal and by writ of error, coexist, and are unaffected by the Act of 1905.

A plea in abatement to a writ of error, upon the ground that the remedy provided by the Act of 1905 was not pursued, assumes that the writ was brought to correct only such errors as are apparent on the record.

A memorandum of decision is not a finding of facts, nor, unless made so by the trial court, is it a part of the official record so as to become the basis of a writ of error.

In the present case the record consisted of an intervening petition in a receivership suit asking for a hearing upon a claim for $1,480 which the receivers had disallowed, a memorandum of decision by the

trial judge allowing the claim, and a transcript of the evidence, including the exhibits, certified by the official stenographer. There was no judgment-file and no memorandum or record by the clerk that any judgment had been rendered, nor were there any pleadings or any finding of facts. *Held* that the transcript of the stenographer's notes could not supply the place of a finding, nor could this court be asked to determine, upon a writ of error, what inferences the trial court drew from that testimony, or what facts were found and what conclusions of law were drawn from them; and therefore since it did not appear from this record that any of the assigned errors were committed by the trial court, the defendants in error were entitled to judgment.

The facts upon which a judgment is founded and which the statute, § 763, provides shall appear of record, are only those material to the issues tried. Other facts necessary to make apparent errors in the admission of testimony or in the rulings of the court during the progress of the trial, should not be set out in the judgment-record but in a finding for appeal; and the transcript of the stenographer's notes, although exemplified and made a part of the official record, is not a substitute for either of these findings.

Argued October 10th, 1913—decided January 15th, 1914.

WRIT OF ERROR to reverse an alleged judgment of the Superior Court in Hartford County, *Ralph Wheeler, J.*, rendered in receivership proceedings, allowing a claim of the defendants in error amounting to $1,480, for damages arising from the refusal of the plaintiffs in error, as receivers of the Windsor Locks Savings Bank, to continue to pay rent under a ten-year lease made by the bank, brought to the Supreme Court of Errors in the first judicial district at its October term, 1913. The defendants in error pleaded in abatement upon the ground that an appeal was the only method of review, and to this plea the plaintiffs in error demurred. *Demurrer sustained; plea in abatement overruled; writ of error dismissed.*

*Stewart N. Dunning* and *Ralph O. Wells*, for the plaintiffs in error.

*William F. Henney*, for the defendants in error.

VOL. LXXXVII—39

THAYER, J. This case is docketed as a writ of error to the Superior Court. A writ of error is an independent action, brought by writ, accompanied by a complaint setting out the record of the case resulting in the judgment complained of, and assigning the errors apparent therein as grounds for the reversal of the judgment. *State* v. *Caplan*, 85 Conn. 618, 626, 84 Atl. 280. It lies only upon a final judgment, and only where there is error apparent upon the judgment-record. *Corbett* v. *Matz*, 72 Conn. 610, 615, 45 Atl. 494. It is enough to allege in the writ of error that in an action brought by (or against) the plaintiff in error to the court whose action is complained of, such proceedings were had as appear by a copy of the record thereof attached to the writ of error, and that the trial court in proceeding to and rendering the judgment therein manifestly erred and mistook the law, and to then assign the errors which are claimed to have been committed, and ask for the reversal of the judgment. This is the brief form given in the Practice Book (1908) p. 479. It is unnecessary and improper to include in the writ of error allegations of fact outside the record, to show that the judgment was erroneous. These, if sufficient to warrant a reversal, must be taken advantage of in a different way. The writ now before us is filled with such allegations, and with allegations showing an attempt to obtain a finding for appeal after the judgment was rendered, and its failure because of the death of the trial judge. Instead of serving any good purpose, these allegations have led to further unnecessary pleading—a plea to the jurisdiction and in abatement, to which the plaintiffs have demurred. The question of law thus raised now calls for decision.

The allegations referred to show that the plaintiffs in error are the receivers of the Windsor Locks Savings Bank, whose affairs are being wound up in the Superior Court. Before receivership proceedings were com-

menced the bank had occupied a room in the defendants' building. The plaintiffs in error, after their appointment, removed the bank's effects from the room, and paid the defendants two months rent for the time occupied in such removal. The defendants, claiming that the bank had leased the room for a term of ten years, presented a claim to the receivers for damages for the abandonment by them of the lease. This claim was disallowed by the receivers. Upon motion by the defendants a hearing upon the claim was had before the court in the receivership proceeding, and the claim, to the amount of $1,480, was allowed, as appears by the memorandum of the trial judge on file. A request for a finding was then made by the plaintiffs with a view to an appeal, but the trial judge died without making a finding.

Chapter 62 of the Public Acts of 1905, p. 289, provides that when "final judgment has been rendered in any cause in the superior court, . . . an appeal from which lies to the supreme court of errors, and a notice of appeal from such judgment has been filed, if the judge who heard such cause shall die or become incapable of making a finding for the purpose of an appeal, any party to such cause against whom the judgment has been rendered may make a motion in writing, in said court, for a new trial. . . . A statement of the errors which it is claimed occurred in the trial of said case shall be made as a part of said motion. Upon the filing of said motion the court shall hear the same, and if in its opinion the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of said assignment of errors by the supreme court, a new trial shall be granted." The plaintiffs failed to file any motion under this statute, but brought the present writ of error, claiming a reversal of the court's order allowing the defendants' claim. The de-

fendants' plea to the jurisdiction and in abatement is based upon the claim that a proceeding by motion in the Superior Court under the statute is the plaintiffs' only remedy.

This being an independent action, brought to this court for the purpose of revising errors which are alleged to be apparent on the record of the Superior Court in the receivership case, the plaintiffs have no case unless it appears on that record as it now stands, with no finding by the trial judge, that some error of law was committed by the court affecting the judgment of which complaint is made. Had there been no request for a finding, it would hardly be claimed that this writ of error would not lie to correct any error so appearing. The writ is a common-law remedy, recognized by our statute, which has always existed in this State, and one which is not taken away by the statute of appeals. The process by appeal is a more extensive, expeditious and adequate remedy, and is calculated to reach errors which may not be reached by a writ of error, as well as those which may be reached by such writ, but, as to the latter, it does not supersede the remedy by writ of error. As to errors apparent on the record, using that word in its strict sense, the two remedies coexist. This being so, it would be a strange result if the attempt to procure a finding showing errors of the trial court which do not appear upon the record should (if the trial judge die without making such finding) prevent a party from proceeding by writ of error to obtain a revision of errors which do appear upon the record. It is apparent that such a result was not intended by the Act (Public Acts of 1905, Chap. 62, p. 289) upon which the defendants rely. Its purpose manifestly was to afford a remedy in cases where a finding is necessary to disclose upon the record the claimed errors which it is proposed to have corrected

by appeal. Prior to the statute the death or inability of the judge to make such finding left the party remediless in such a case. *Etchells* v. *Wainwright,* 76 Conn. 534, 540, 57 Atl. 121. There was in such a case no way to get before this court the rulings which it was sought to have reviewed. The statute in question was passed at the next session of the General Assembly succeeding the decision of the case last cited, and was doubtless enacted to aid a party situated as the plaintiffs in that case were. It permits the trial court to grant a new trial, under certain circumstances, upon motion of a defeated party who, through the death or disability of the trial judge, has lost his opportunity to have spread upon the record for appeal claimed erroneous rulings of the deceased judge when holding the court. It does not, and it does not purport to, allow the trial court to grant a new trial in cases where the errors complained of appear upon the record, and it affords no remedy and purports to afford none in cases where the errors complained of appear on the record and can therefore be brought before this court for review by an appeal or by a writ of error. The remedy in such cases remains as it was before the statute in question was enacted.

The plaintiffs' claim is that the record in this case, without any finding by the judge, discloses the errors assigned in the writ. The defendants' plea must be taken to assume that the writ was brought to correct errors so appearing, otherwise it assumes—and because of the improper allegations in the writ there would be considerable ground for such an assumption—that the writ of error is brought to correct errors not apparent on the record. Assuming, then, as we must on the demurrer to this plea, that the writ is brought to correct errors apparent on the trial record, the plaintiffs' remedy is not affected by the statute. The defendants'

plea to the jurisdiction and in abatement is insufficient, and the demurrer thereto is sustained.

Both parties have requested us (in case our conclusions upon the questions raised by the demurrer should be as above indicated) to determine whether any error is apparent upon the record of the Superior Court which is before us. As the matter has been fully argued orally and in the briefs, it may properly be disposed of as if a plea of "nothing erroneous" had been filed. Practice Book (1908) p. 277, § 33.

Three errors are assigned as appearing on the record: first, that the court held that a certain instrument, Exhibit *A*, constituted a valid lease from the defendants to the bank; second, that the delivery of that instrument to the defendants by a former officer of the bank, after the receivers were appointed, gave the defendants a valid claim, under the lease, against the bank and its receivers; and third, that the plaintiffs were responsible in damages for failure to carry out the executory provisions of the lease.

The record which is before us is that in the receivership case, wherein the plaintiffs in error are plaintiffs and the Windsor Locks Savings Bank is defendant. This shows that there were no pleadings in the case relating to the defendants' claim. The only part of the record which relates to that claim is a petition (indorsed "granted") filed by the defendants, alleging that they presented their bill for $1,480.82 to the receivers, that the receivers had notified them of its disallowance, and asking permission to intervene, and that the court should fix a time for a hearing upon the claim which had been disallowed, or that they be permitted to bring a suit to recover it against the receivers; a "memorandum of decision" by the trial judge; and a transcript of the evidence (including exhibits), certified by the official stenographer to be a full and complete copy of

his notes in the case.    There is no judgment-file, and
no memorandum or record by the clerk that a judgment
has been rendered.    The memorandum of the trial
judge reads as follows: "The vote of the directors of
the corporation duly recorded, is a sufficient memo-
randum in writing and signature of recording officer is
sufficient signing by party to be charged.    [*Lamkin* v.
*Baldwin & Lamkin Co.*] 72 Conn. 65 [43 Atl. 593].
The lease as prepared in the body of it shows intention
to bind the corporation, and though there was no for-
mal execution in the name of the principal, yet, as the
action of the officers in signing the instrument was
ratified by the corporation by entry into possession and
payment of rent, the corporation was bound in equity
and the lessors are also bound.    The claim of Bidwell
& Co. of $1,480 is allowed."

A memorandum of decision is not a part of the finding
of facts, nor, unless made so by the court, is it such a
part of the official record as to become the basis of a
writ of error.    *Cary* v. *Phœnix Ins. Co.*, 83 Conn. 690,
697, 78 Atl. 426; *Cummings* v. *Hartford*, 70 Conn. 115,
123, 38 Atl. 916.    In the present case the memorandum
has not been made a part of the official record.    But if it
were a part of the record and equivalent to a judgment-
file showing a judgment in the defendants' favor, it does
not, of itself, show any of the erroneous rulings which
are assigned for error.    There being no pleadings, the
only issue, so far as the application and memorandum
show, was whether the defendants' claim for $1,480
should be allowed.    It does not appear what the nature
of the claim was, and if we assume, as we must, that
the matter was heard upon a denial of liability for the
sum claimed, a finding of facts would be necessary to
show what the nature of the claim was, and what ques-
tions of law were ruled upon.    The memorandum refers
to a lease, and to the execution of it, but it does not tell

what lease is referred to, nor whether the claim which is allowed is for rent under the lease or for damages for a breach of it. The facts upon which the judgment is founded do not appear in the memorandum, nor do the issues which were tried appear there or in any pleading. These facts must be sought elsewhere, and probably, but for the death of the trial judge, they would have appeared in a finding for appeal. Such a finding, had it been made, would not have afforded ground upon which to base a writ of error, unless specifically made a part of the record. *Corbett* v. *Matz*, 72 Conn. 610, 613, 614, 45 Atl. 494; *State* v. *Caplan*, 85 Conn. 618, 626, 84 Atl. 280.

The transcript of the stenographer's notes, upon which the plaintiffs in error rely to supply the place of a finding, cannot perform that office. It is true that General Statutes, § 695, provides that an exemplified transcript of the shorthand notes of the official stenographer shall be prima facie a correct statement of the testimony and proceedings, and shall constitute a part of the official record in the cause or matter in which such notes are made. By the terms of the statute the transcript must be exemplified before it becomes a part of the official record, and then it is merely a statement, prima facie correct, of the testimony and proceedings. What inferences the trial court drew from that testimony is another matter, and we cannot, on a writ of error, be asked to determine from the testimony what facts were found, and what conclusions of law were drawn from them.

General Statutes, § 763, provides that courts of record shall keep a record of their doings, and cause the facts upon which they found their judgments to appear on the record. When the issues of fact are properly presented by the pleadings, and they are all found in favor of one of the parties, it is enough if the judgment-record

states that the issues are found in favor of. such party, and judgment rendered in his favor. If the issues are not all found in favor of one of the parties, and a special finding is requested, such special finding should be made a part of the record. The facts so to be set out in the judgment-record are only those material to the issues tried. Other facts, necessary to make apparent errors in the admission of testimony or in the rulings of the court during the progress of the trial, should not be set out in the judgment-record, but in a finding for appeal. Practice Book (1908) p. 266, § 3. The transcript of the stenographer's notes, although exemplified and made a part of the official record, is not a substitute for either of these findings.

As it does not appear from the record that either of the errors assigned were committed by the trial court, judgment must be for the defendants in error.

The writ of error is dismissed, with costs.

In this opinion the other judges concurred.