STATE OF CONNECTICUT *v.* SALVO N. FALZONE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued June 8—decision released August 10, 1976

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellant (state).

*Michael A. Merati,* for the appellee (defendant).

PER CURIAM. The sole issue presented in this appeal is whether the state may appeal in any circumstance from an adverse decision of the Court of Common Pleas in a criminal case to the Appellate Session of the Superior Court.

An appellate review of claimed errors on the face of the record in a criminal case by the state is a matter of right from any trial court by way of writ of error. *State* v. *Muolo,* 118 Conn. 373, 172 A. 875. There is, however, no common-law right of appeal

by the state in criminal matters. *State v. Brown,* 16 Conn. 54, 58-59. The right of the state to appeal in criminal cases is granted only by statute. *State v. Audet,* 170 Conn. 337, 340, 365 A.2d 1082; *State v. Carabetta,* 106 Conn. 114, 115, 137 A. 394. The right of appeal by the state in criminal matters was expressly granted by legislative enactment in 1886 Public Acts, c. 15, but was restricted to questions of law and to appeals from the Superior Court. The right was expanded by 1897 Public Acts, c. 194, § 20, to include the Court of Common Pleas. 1959 Public Acts, No. 28, created the Circuit Court to replace the former municipal and justice courts, and abolished the criminal jurisdiction of the Court of Common Pleas (§ 141), effective January 1, 1961. It was two years later, in 1963 Public Acts, No. 642, § 74, that the words "common pleas" were deleted from § 54-96 of the General Statutes, which as amended gives the state a right to appeal in criminal cases only from the Superior Court on questions of law with permission of the presiding judge.

Criminal jurisdiction was restored to the Court of Common Pleas in the 1974 court reorganization which merged the Circuit Court with the Court of Common Pleas. 1974 Public Acts, No. 183, §§ 1, 5. No new statute has been enacted expressly granting to the state the right of appeal in criminal cases from the Court of Common Pleas.

The state claims statutory authority for an appeal in § 52-6a of the General Statutes,[1] which does not speak expressly of the state or of the defendant in

---

[1] "[General Statutes] Sec. 52-6a. APPEALS TO APPELLATE SESSION OF SUPERIOR COURT; TO SUPREME COURT. Appeals from any final judgment or action of the court of common pleas . . . shall be taken to an appellate session of the superior court within fourteen days after the entry of judgment and shall be by way of review of errors of law. . . ."

granting a right to appeal, and argues that if this statute gives defendants in criminal cases a right to appeal, it is broad enough to give the state that right also. Taken in historical context, that argument is not persuasive.

The right of the defendant in a criminal action to appeal, even in minor criminal matters, is an ancient statutory right. See General Statutes 1821, title 22, § 101, predecessor to former § 54-12 of the General Statutes (Rev. 1958), expressly granting criminal defendants that right. The latter statute was repealed by 1959 Public Acts, No. 28, § 204, creating the Circuit Court, effective January 1, 1961. Section 30 of the same act became § 51-265 of the General Statutes, and stated in part: "Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session." This statute was included with those creating the Circuit Court in chapter 885. As part of the court reorganization, it was amended to substitute "common pleas" for "circuit" court by 1974 Public Acts, No. 183, § 9, and in 1975 was transferred to the section on "Civil Actions," title 52, as § 52-6a. Although neither §§ 51-265 nor 52-6a expressly provides for a right of appeal by a defendant, General Statutes §§ 54-13 and 54-14 give a defendant appealing from the Court of Common Pleas enumerated rights while an appeal is pending. This makes it clear that a defendant's right to appeal is included in § 52-6a.

There are no similar statutes referring to the state's right to appeal in criminal cases from the Court of Common Pleas. In *State* v. *Muolo,* supra, this court noted that the statutory limitation of the right of the state to appeal at that time to cases in the Superior Court and the Court of Common

Pleas where the state had obtained permission of the trial court was probably designed to restrict the state to appealing more serious offenses than those tried in the municipal and justice courts. The danger to uniformity, that lower courts might declare certain laws invalid and create confusion, could be adequately cured by a writ of error where the error appears on the face of the record.

There is no authority at common law or by statute for an appeal by the state in any criminal case from the Court of Common Pleas to the Appellate Session of the Superior Court, and § 52-6a cannot be construed to grant such a right.

There is no error.