UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold Eugene EASTERLING, Lewis Eugene Ciniglio, Jr., James A. Pregno and Lawrence Wayne Sexton, Defendants-Appellants.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Frank GOBER and Edward Frederick Vieau, Defendants-Appellants.

Nos. 76–3480 and 76–3519.

United States Court of Appeals,
Fifth Circuit.

June 17, 1977.

Rehearings and Rehearing En Banc Denied Aug. 10, 1977.

Sterling G. Culpepper, Jr., Charles S. Coody, Montgomery, Ala., for Easterling & Ciniglio.

Frank W. Riggs, Montgomery, Ala., for Pregno & Sexton.

Ira DeMent, U. S. Atty., D. Broward Segrest, Robert C. Watson, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

E. Ted Taylor, Prattville, Ala., David B. Byrne, Jr., Montgomery, Ala., for defendants-appellants in No. 76–3519.

Before AINSWORTH and MORGAN, Circuit Judges, and Lynne *, District Judge.

* Senior District Judge of the Northern District of Alabama sitting by designation.

**196**

PER CURIAM:

■ Appellants Easterling, Ciniglio, Pregno, Sexton, Gober and Vieau appeal their conviction for violations of 18 U.S.C. § 371 and § 1955. Appellants' primary allegations of error relate to the district court's denial of their motion to suppress telephone conversations intercepted via electronic surveillance conducted by Government agents. Each of these allegations is without merit. Thus, the Government did not violate 18 U.S.C. § 2518(1)(b)(iv) by not naming appellants Gober and Vieau in the wiretap application nor by omitting the names of appellants Pregno and Sexton in certain portions of the application. *See United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977); *United States v. Sklaroff,* 552 F.2d 1156 (5th Cir. 1977). Likewise, the Government did not contravene § 2518(1)(e) in not reporting to the authorizing judge that Vieau had been intercepted in a previous Title III electronic surveillance since Vieau was not named in the application and, even had he been named, he was not named in any previous applications, but his conversations were merely intercepted inadvertently during the course of a prior electronic surveillance of another person. *See United States v. Rabstein,* 554 F.2d 190 (5th Cir. 1977). In addition, the affidavit attached to the Title III application satisfied the requirement of 18 U.S.C. § 2518(1)(c) that such an application include a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. *See United States v. Sklaroff,* 552 F.2d 1156 (5th Cir. 1977); *United States v. McCoy,* 539 F.2d 1050 (5th Cir. 1976). Likewise, we reject appellant's other allegations of violations of Title III, to wit, that Attorney General Levi's signature on the authorization for the Title III application failed to comply with 18 U.S.C. § 2516(1), that the application, affidavit, and order were not sealed within the meaning of 18 U.S.C. § 2518(8)(b), and that an unauthorized publication of the tapes in violation of 18 U.S.C. § 2517(2) occurred. Finally, appellants'

contentions that the district court erred in refusing to order the *in camera* production of an informer and in excusing a defense witness and that the prosecution of defendants Gober and Vieau was barred by collateral estoppel and the guarantee against double jeopardy are without merit.

AFFIRMED.