[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PETITION FOR APPEAL OF DECISION OF THE FAMILY MAGISTRATE DATED APRIL 3, 1992
I.
This is an appeal initiated by the state of Connecticut pursuant to 46b-231 (n) of our statutes from a decision of a Family Support Magistrate. (Lifshitz) (hereinafter "magistrate")1
It follows the magistrate's sua sponte March 30, 1992 decision to reopen the judgment of paternity in this case because the affirmation of paternity document signed and filed by the minor child's plaintiff-mother, Lorraine Kenny, while notarized, was not witnessed. — The appeal is sustained; the judgment is reinstated; and the matter is remanded to the magistrate for further proceedings not inconsistent with this opinion. CT Page 6430
 II.
By way of procedural background, Steven Coughlan, the named defendant, filed December 20, 1991 a document signed by him and notarized in which he acknowledged that he was the father of Donovan Kenny, born September 13, 1991. This document entitled "Acknowledgment of Paternity" bore the signatures of two witnesses to Mr. Coughlan's own signature. Accompanying the Coughlan document was another one, the focus of this appeal, entitled "Affirmation of Paternity", signed by Lorraine Kenny, in which she stated that Coughlan was Donovan's father. This second document was notarized, but not witnessed.2 All of these documents were filed with the clerk of the court and this triggered the provisions of section 46b-172 (a), effectively causing a judgment of paternity to enter by operation of law.3 Subsequent to this "statutory" judgment of paternity entering, the state of Connecticut, which had been providing public assistance to Lorraine Kenny and her child, Donovan, in its Aid to Families with Dependant Children program, sought and obtained a court order for Steven Coughlan's appearance before this court February 28, 1992 to show cause why he ought not to contribute to the support of his acknowledged child, Donovan. At the February 28th hearing before the magistrate, the assistant attorney general and Steven Coughlan reported their agreement for Donovan's support. However, during this hearing, the magistrate observed the Affirmation of Paternity document, executed by Donovan's mother, Lorraine Kenny, had not been witnessed and he indicated "I read the statute to require that the affirmation be properly acknowledged and witnessed." Transcript, hearing of February 28, 1992 at 3. Thereafter, the magistrate, on his own motion, reserved decision concerning the validity of the judgment, and on March 30, 1992, filed a memorandum of decision, ordering the reopening of the judgment and the continuing the case to a date certain to give the state an opportunity to file a "properly witnessed affirmation" or suffer the court's "sua sponte [dismissing] this case." Record, Memorandum of Decision, dated February 28, 1992 at 7. This appeal follows.4
 III.
The magistrate, in his written memorandum, correctly observes that the statute (46b-172) does not require the written affirmation of paternity to be witnessed. He does note, however, that an internal operations manual for the Connecticut Department of Human Resources defines an affirmation of paternity to mean "`a witnessed and notarized statement signed by the mother of a child. . . .' (emphasis added) Connecticut Department of Human Resources, Bureau of Child Support Enforcement, Child Support Program, Program Manual Volume 4, Chapter 405, Paternity Determination 405.1(a)(3) and (6), Page 1." Id. at 6.5 Thus, CT Page 6431 the magistrate relies for his decision in part upon this definition and the desirability of having such an affirmation of paternity witnessed "to mitigate the possibilities of misuse of the [statutory] procedure" for establishing paternity, Id. at 5, and the possibility that a foreign jurisdiction would not recognize such a statutory judgment where the affirmation of paternity is not witnessed. — We are not persuaded. — We think that the General Assembly, upon our reading of the relevant statutes, has determined that the affirmation of paternity document need not be witnessed.
Section 46b-172, as already noted, does not facially require that the affirmation document be witnessed and our research uncovered numerous other statutes providing for an affirmation without requiring witnesses for its legal validity.6 However, we did locate other statutes whereby the General Assembly did require witnesses for a particular document's legal efficacy. See e.g.,47-5 (conveyance, of land require two witnesses); 45a-251 (wills invalid unless attested by two witnesses); 50a-3 (b) (c) (international will requires two witnesses for its validity). The silence of the legislature in the first instance concerning affirmations of paternity and its statutory mandates for witnesses in other specified instances is persuasive evidence to us that this affirmation of paternity document need not be witnessed. The General Assembly in section 1-23 has provided for an affirmation in lieu of an oath.7 Such an affirmation has been described as "a solemn and formal declaration that the contents of a declaration, written or oral, are true. . . ." State v. Assuntino, 180 Conn. 345,354 (1980). See also 58 Am.Jur.2d Oath and Affirmation 3; 67 CJS Oaths Affirmations 2. Against this backdrop of legal precedent, we think section 46b-172 is clear on its face and ought not be subject to our modification or construction to require witnesses. Cilley v. Lamphere, 206 Conn. 6, 9-10 (1988).
Finally, all of the parties to this judgment support it as entered and continue to do so upon this appeal. We discern, on this record, no jurisdictional deficits for the magistrate's order to reopen on his own motion this judgment or for his suggested order to dismiss this case if the affirmation document did not become perfected with the advent of witnesses.8
 IV.
We conclude that the decision of the magistrate to reopen the judgment sua sponte is legally erroneous. Therefore, the judgment is reinstated; and the matter is remanded to the magistrate for further proceedings not inconsistent with this opinion.
Orders may enter accordingly. CT Page 6432
/s/ William Patrick Murray WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court
APPENDIX A
 STATE OF CONNECTICUT SUPERIOR COURT
COVER SHEET AGREEMENT TO SUPPORT OR ACKNOWLEDGMENT OF PATERNITY ------------------------------------------------------------------------- INSTRUCTIONS TO PREPARER
1. Use this form ONLY for actions that are not contested.
 2. File original, with the agreement or acknowledgment, in the chief clerk's office for the appropriate Judicial District.
3. Retain a copy for your records. ------------------------------------------------------------------------- SOCIAL DISTRICT OF | ADDRESS OF COURT WATERBURY | 300 GRAND ST. WATERBURY, CONNECTICUT 06702 ------------------------------------------------------------------------- FATHER | MOTHER STEVEN COUGHLAN | LORRAINE KENNY ------------------------------------------------------------------------- CHILDREN DONOVAN KENNY ------------------------------------------------------------------------- [X] "X" HERE IF ANY PARTY TO THIS ACTION IS RECEIVING IV-D SERVICES -------------------------------------------------------------------------
DOCUMENT IDENTIFICATION:
[ ] AGREEMENT TO SUPPORT (ATS)
[X] ACKNOWLEDGEMENT OF PATERNITY (ACK. PAT.) CT Page 6434 ------------------------------------------------------------------------- SIGNATURE | TYPE NAME OF PERSON | (Attorney or Pro Se Party)| SIGNING AT LEFT | DATE ANDREW R. NISKI | ANDREW R. NISKI | DECEMBER 18, 1991 ------------------------------------------------------------------------- ----------------------- | FOR COURT USE ONLY |----------------------- PLEASE ENTER THE APPEARANCE OF: | RECEIPT NO. | [ ] NO FEE ------------------------------------------------------------------------- NAME OF ATTORNEY OR LAW FIRM | FILE DATE (Name of Plaintiff if Pro Se) | BUREAU OF CHILD SUPPORT ENFORCEMENT | — ----------------------------------------------| ADDRESS OF ATTORNEY, LAW FIRM OR PRO SE PARTY | 79 LINDEN ST., WATERBURY, CONNECTICUT 06702 | — ----------------------------------------------| TELEPHONE NO. | JURIS NO. (If Attorney or | | Law Firm) | 755-7222 | 104026 | — ----------------------------------------------| RETURN TO: DEPT. OF HUMAN RESOURCES | BUREAU OF CHILD SUPPORT ENFORCEMENT | 79 LINDEN ST. | WATERBURY, CONNECTICUT 06702 | |------------------------ | SUPERIOR COURT | DOCKET NO. | 106747 |------------------------
HUM-161 (Rev. 9/87) Page 1 of 2
 STATE OF CONNECTICUT ACKNOWLEDGMENT OF PATERNITY
DOCKET NUMBER ________________ SUPERIOR COURT __________ STATE OF CONNECTICUT _________} JUDICIAL DISTRICT OF [NEW HAVEN] WTBY. COUNTY OF NEW HAVEN __________} ss. AT WATERBURY _____________
I, STEVEN COUGHLAN, born in WTBY, CT. on 7-25-58; social security number 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; residing at 20 N. LEONARD St. in the Town of WTBY, County of NEW HAVEN, State of CT.; and employed by WASTE MANAGEMENT of CHESHIRE CT. being duly sworn, depose and say:
That I hereby acknowledge paternity of the child(ren) listed CT Page 6435 below born to LORRAINE KENNY of the Town of NAUGATUCK, County of NEW HAVEN, State of Connecticut; and agree that my name be placed on the child(ren)'s birth certificate, as the father.
 NAME DATE OF BIRTH PLACE OF BIRTH ---- ------------- -------------- DONOVAN KENNY 9-13-91 NEW HAVEN, CT. — ------------ ------------- -------------- ______________ _____________ ______________ ______________ _____________ ______________ ______________ _____________ ______________
WITNESSES -------------------- --------------------, L.S. Signature of Father
--------------------
[EDITORS' NOTE: THE SIGNATURES OF THE WITNESSES IS ELECTRONICALLY NON-TRANSFERRABLE.]
On this 18th day of December, 1991, personally appeared STEVEN COUGHLAN, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.
 Andrew R. Niski --------------- [Commissioner of the Supreme Court] Notary Public (My comm. exp. 3-31-92)
[EDITORS' NOTE: Material in brackets was stricken through in the original text.]
HUM-161 (Rev. 9787) Page 2 of 2
 STATE OF CONNECTICUT AFFIRMATION OF PATERNITY
DOCKET NUMBER __________________ SUPERIOR COURT STATE OF CONNECTICUT __________} JUDICIAL DISTRICT OF _______ COUNTY OF NEW HAVEN ___________} ss. AT WATERBURY
I, Lorraine Kenny, mother of the child(ren) listed below, presently residing in the Town of NAUGATUCK, County of NEW HAVEN, State of Connecticut, hereby acknowledge and affirm that Steven Coughlan of 20 North Leonard St. WTBY CT is the father of said child(ren).
NAME DATE OF BIRTH PLACE OF BIRTH CT Page 6436 ---- ------------- -------------- Donovan Kenny 9/13/91 New Haven CT — ----------- ------------- -------------- _____________ _____________ ______________ _____________ _____________ ______________ _____________ _____________ ______________
WITNESS ____________________ Lorraine Kenny, L.S. Signature of Mother --------------------
Personally appeared Lorraine Kenny, signer and sealer of the foregoing Affirmation of Paternity, and stated under oath that the matters and facts therein stated are true and correct of her own knowledge.
 ------------------- Commissioner of the Superior Court Notary Public (My comm. exp. 3/3/91)
[EDITORS' NOTE: THE SIGNATURE OF THE COMMISSIONER OF THE SUPERIOR COURT IS ELECTRONICALLY NON-TRANSFERRABLE.]
HUM-161A STATE OF CONNECTICUT (Rev. 10/91) DEPARTMENT OF HUMAN RESOURCES BUREAU OF CHILD SUPPORT ENFORCEMENT
 INFORMATION ABOUT THE ACKNOWLEDGMENT OF PATERNITY -------------------------------------------------
1. Signing and acknowledgment of paternity means that you admit you are the father of the child(ren). When the acknowledgment is filed with the court, according to state law it has the same force and effect as if you had a paternity trial and the judge or magistrate decided you were the father.
2. When you sign an acknowledgment of paternity, you give the child(ren) many rights and benefits such as social security or veteran's benefits, and the right of inheritance.
3. If you are not sure you are the father of the child(ren), you do not have to sign the acknowledgment of paternity. You have the right to refuse to admit paternity and to have a trial at which you could be represented by an attorney. If you cannot afford an attorney, you can request the court to appoint one for you. You have the right to request bloodtests. By signing this form and the acknowledgment of paternity, you are voluntarily giving up these rights.
4. If you acknowledge that you are the father of the child(ren), you are liable as a parent for the support of the child(ren) until the CT Page 6437 child(ren) is 18 years old. Any child support order that may be established will be enforced by withholding from your paycheck if you are employed. Failure to provide for the support of the child(ren) could result in civil proceedings or criminal prosecution against you.
I, STEVEN COUGHLAN, have read, or have had read to me, the above statement and I understand its contents. A copy of this statement has been given to me.
X X 12-18-91 — ---------------- ----------- Signature Date
[EDITORS' NOTE: THE SIGNATURE IS ELECTRONICALLY NON-TRANSFERRABLE.]
CERTIFICATION:
I certify that I gave STEVEN COUGHLAN a copy of this form on 12-18-91 and that: [X] he read the form himself [ ] I read the form to him.
Andrew R. Niski 12-18-91 — --------------------- --------- Child Support Investigator/Support Date Enforcement Officer
---------------------- -------- Interpreter Date