[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR NEW TRIAL
I.
This case is a paternity action wherein a jury determined that the defendant was the father of the child. The question of support and perhaps other items was reserved for a hearing in damages before Judge James T. Healey, a trial referee. Judge Healey's memorandum of decision was filed on May 27, 1992. On June 3, 1992, the plaintiff filed a motion to "reargue/modify and set aside judgment." On June 19, 1992, the plaintiff filed her motion for a new trial. Judge Healey took no action on either motion. He became ill on or about June 2, 1992. On November 19, 1992, Judge Healey passed away. CT Page 854
In the motion for new trial, when read with the motion to reargue/modify and set aside judgment, the plaintiff contends that in his memorandum of decision, Judge Healey
 a. erroneously combined the incomes of the plaintiff and the defendant in determining the defendant's duty to support the child of his marriage — a different child than the subject of this action.
 b. failed to consider the deviation criteria of the child support guidelines in setting an amount of support for the plaintiff's child.
 c. ignored the plaintiff's uncontested testimony as to the amount of money she had reimbursed the State for its support of her child.
 d. failed to make a proper order for payment of the attorney's fee that he had decided the defendant should pay.
The plaintiff invokes Gen. Stat. 52-268 as authority for her claim that a new trial is required.
 II.
Gen. Stat. 52-268 reads in pertinent part as follows:[1]
 (a) Any party who intends to appeal or has appealed a final judgment of the superior court, or of a judge thereof, an appeal from which properly lies, may move the court in writing for a new trial if the judge who rendered judgment . . . has died or become incapable of taking the action necessary for the appeal, and the party had complied with the rules relating to the taking of appeals before such death or incapacity.
 (d) After hearing the motion, the court shall grant a new trial if, in its opinion, the errors claimed to have been committed are of such a nature as fairly entitle the party CT Page 855 appealing to a review of the errors by appeal and a review of the errors cannot otherwise be had.
Section 51-268 was originally enacted as chapter 61 p. 289 of the Public Acts of 1905. Its purpose was to provide a remedy on cases where a finding was necessary to disclose upon the record the errors claimed to have been committed which an appeal could correct. Before the statute was adopted, the death or inability[2]
of the judge who heard the case to make finding left the losing party without remedy. What 52-268 allows is a grant of a new trial upon the motion of the petitioning party who, through the death or inability of the trial judge, has lost the opportunity to have placed in the appellate record those rulings that are claimed to be erroneous. The statute does not apply in situations where the errors complained of appear in the record and therefore can be brought before an appellate court. Lippitt v. Bidwell, 87 Conn. 608,612-13 (1914).
Under present procedures, the formalized finding has been replaced by the memorandum of decision. See Practice Book 4059-4061. The memorandum of decision must be included in the appellate record. Id. 4096. A reviewing court can reverse or modify a trial court's decision if the factual findings in the memorandum of decision are clearly erroneous in view of the evidence and pleadings or if the decision is otherwise erroneous in law. Id. 4061. The evidence is supplied from the transcript which the appellant has the duty to order. Id. 4019. Whatever errors Judge Healey may have made can be corrected through the appellate process. Section 52-268 thus becomes inapplicable.
 III.
The motion for a new trial is denied.
BARNETT, J.