[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE (DOCKET ENTRYNO. 103 SHORT CALENDAR, SEPTEMBER 25, 1995)
The plaintiff, D.L. Ryan Companies, Ltd., filed a complaint with an application for a temporary injunction against the defendants, Sierra Communications Group, Ltd. and Michael Sussman. The plaintiff's complaint and application allege that the defendants copied data from the plaintiff's computer system in violation of General Statutes §§ 53a-251 (c), (e)(1) and (2). In addition to money damages, the plaintiff also requested a temporary and permanent injunction pursuant to General Statutes § 52-570b(a)(1).
The plaintiff's application for a temporary injunction was purportedly sworn to by David L. Ryan, an officer of the plaintiff-corporation. The application was signed "THE PLAINTIFF By s/ Jonathan A. Flatow, Esq." Furthermore, the last page of the application contained the following: "Personally appeared David L. Ryan, who declared himself to be an officer of D.L. RYAN COMPANIES, LTD., who made oath to the truth of the allegations in the above application. s/ Jonathan A. Flatow, Commissioner of the Superior Court."
On August 25, 1995, the court, Rush, J., granted a temporary injunction and order to show cause. The defendants, on September 11, 1995, filed a notice of appearance and a motion to vacate the temporary injunction and order to show cause. The defendants filed a memorandum of law in support of their motion to vacate and the plaintiff filed an objection and a memorandum of law in support of the objection.
The defendants argue that the temporary injunction and order to show cause should be vacated because (1) David L. CT Page 1414-G Ryan's signature does not appear on the application; and (2) the plaintiff's application and complaint fail to allege facts sufficient to find irreparable harm and lack of an adequate remedy at law.
A. Lack of Signature
The defendants argue that the temporary injunction should be vacated because the plaintiff failed to comply with General Statutes § 52-471 (b). The defendants contend that the absence of David L. Ryan's signature from the application renders the application legally insufficient. The plaintiff argues that the application was properly verified by the oath of the Chairman of the Board of the plaintiff as evidenced by the signature of Jonathan A. Flatow, a commissioner of the Superior Court.
Section 52-471 (b) of the General Statutes provides that "[n]o injunction may be issued unless the facts stated in the application therefor are verified by the oath of the plaintiff or of some competent witness." "It must be presumed that where the legislature prescribes that an acknowledgment be under oath, the oath should be administered in accordance with the provisions of chapter 4 [of the General Statutes]." Smith v.Smith, 40 Conn. Sup. 151, 155, 483 A.2d 629 (1984, Purtill, J.). Section 1-24 of chapter 4 provides that "[t]he following officers may administer oaths: . . . (2) . . . commissioners of the superior court. . . ." General Statutes § 1-24.
The court finds that the application for the temporary injunction was properly verified. The application contains an attestation by a commissioner of the Superior Court that David L. Ryan swore to the truth of the allegations stated therein. Furthermore, § 52-471 (b) does not require that an application be signed by a plaintiff, only verified. Thus, the lack of a signature is not dispositive as to the legal sufficiency of the application. Thus, the defendants' first argument in support of their motion to vacate is without merit.
B. Failure to Allege Irreparable Harm and Lack of Adequate Remedy at Law.
The defendants also argue that the temporary injunction should be vacated because the plaintiff's application and complaint fail to allege irreparable harm and lack of an adequate remedy at law. The plaintiff contends that it is not CT Page 1414-H required to allege these facts because it is proceeding under a statute, General Statutes § 52-570B, which provides for the remedy of temporary injunction.
Ordinarily, "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.)Berin v. Olson, 183 Conn. 337, 340, 439 A.2d 357 (1981). There is an exception, however, that relieves the complainant from his burden of proving irreparable harm and no adequate remedy at law "where a statute expressly provides for equitable remedies in addition to the ordinary legal ones." Burns v. Barrett,212 Conn. 176, 193, 561 A.2d 1378 (1989); see also ConservationCommission v. Price, 193 Conn. 414, 429, 479 A.2d 187 (1984). The rationale underlying this exception is that "it may be presumed that there is no adequate legal remedy, because the legislature would not have provided the additional remedies if they were not needed." Burns v. Barrett, supra, 212 Conn. 193; see also Conservation Commission v. Price, supra, 193 Conn. 429.
The plaintiff alleges a violation of General Statutes §§53a-251 (c), (e)(1) and (2) and requests injunctive relief pursuant to General Statutes § 52-570b. Section 52-570b
provides, in pertinent part, that "[a]ny aggrieved person who has reason to believe that any other person has been engaged, is engaged or is about to engage in an alleged violation of any provision of section 53a-251 may bring an action against such person and may apply to superior court for: (1) An order temporarily or permanently restraining and enjoining the commencement or continuance of such act or acts. . . ." General Statutes § 52-570b(a).
Because the plaintiff is alleging a violation of General Statutes § 53a-251, the provisions of General Statutes § 52-570b
relieve it of the burden of alleging irreparable harm and lack of an adequate remedy at law. Therefore, the defendants' second argument in support of the motion to vacate is without merit because the plaintiff was not required to allege irreparable harm and lack of an adequate remedy at law.
Because (1) the application was properly verified; and (2) the plaintiff was relieved of the burden of alleging irreparable harm and lack of an adequate remedy at law, the motion to vacate the temporary injunction is denied. CT Page 1414-I
JOHN W. MORAN, JUDGE