IN RE JONATHAN S.
(SC 16355)

MATTHEW G. *v.* STATE OF
CONNECTICUT ET AL.
(SC 16452)

Sullivan, C. J., and Borden, Palmer, Vertefeuille and Zarella, Js.

Argued January 9—officially released June 25, 2002

*Wesley W. Horton*, with whom were *Daniel J. Krisch*, *James F. Papillo*, victim's advocate, and, on the brief, *Derek L. Mogck*, legal intern, for the minor victim in

the first case, plaintiff in error in the second case (Matthew G.).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *John M. Bailey,* chief state's attorney, *Frank S. Maco,* state's attorney, and *John H. Kearney,* juvenile prosecutor, for the petitioner in the first case, named defendant in error in the second case (state).

*G. Douglas Nash,* chief of legal services, with whom was *Lisa Samuelson,* deputy assistant public defender, for the respondent in the first case, defendant in error in the second case (Jonathan S.).

*Jamie L. Mills, Lori Welch-Rubin, Douglas E. Beloof,* pro hac vice, and *Gina McClard,* pro hac vice, filed a brief for the Connecticut Sexual Assault Crisis Services, Inc., et al., as amici curiae.

*Opinion*

ZARELLA, J. The first of these two consolidated cases is an appeal from the judgment of the trial court adjudicating Jonathan S., the respondent in the first case and the defendant in error in the second case, a delinquent and imposing probation and certain other sanctions. The second case is a writ of error. In both cases, Matthew G.[1] (victim) claims that the trial court, *Trombley, J.,* improperly concluded that the provisions of article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments,[2] do not apply in juvenile delinquency proceed-

---

[1] Matthew G. is the appellant in the first case, *In re Jonathan S.* (SC 16355), and the plaintiff in error in the second case, *Matthew G. v. State* (SC 16452).

[2] Article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, provides in relevant part: "b. In all criminal prosecutions, a victim, as the general assembly may define by law, shall have the following rights: (1) The right to be treated with fairness and respect throughout the criminal justice process; (2) the right to timely disposition of the case following arrest of the accused, provided no right of the accused is abridged; (3) the right to be reasonably

ings. For the reasons set forth in this opinion, we decline to review this claim.

The record discloses the following relevant facts and procedural history. Jonathan S. (respondent) was charged in a juvenile delinquency petition with sexual assault in the first degree in violation of General Statutes (Rev. to 1999) § 53a-70, risk of injury to a child in violation of General Statutes (Rev. to 1999) § 53-21 and threatening in violation of General Statutes § 53a-62. The charges stemmed from an incident on May 19, 1999, in which the respondent, then thirteen years old, committed a sexual act with the victim, then ten years old. This matter was assigned docket number L15-99DD-07014-0.

The respondent was arraigned on those charges on July 16, 1999. The victim's mother and father were allowed into the courtroom for the arraignment without objection. During this proceeding, the trial court, *Resha, J.*, invited the victim's mother to make a statement and informed her that she was entitled to attend and to speak at future hearings. The respondent was ordered

protected from the accused throughout the criminal justice process; (4) the right to notification of court proceedings; (5) the right to attend the trial and all other court proceedings the accused has the right to attend, unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony; (6) the right to communicate with the prosecution; (7) the right to object to or support any plea agreement entered into by the accused and the prosecution and to make a statement to the court prior to the acceptance by the court of the plea of guilty or nolo contendere by the accused; (8) the right to make a statement to the court at sentencing; (9) the right to restitution which shall be enforceable in the same manner as any other cause of action or as otherwise provided by law; and (10) the right to information about the arrest, conviction, sentence, imprisonment and release of the accused. The general assembly shall provide by law for the enforcement of this subsection. Nothing in this subsection or in any law enacted pursuant to this subsection shall be construed as creating a basis for vacating a conviction or ground for appellate relief in any criminal case."

We refer to the foregoing provision as the victim's rights amendment throughout this opinion.

to have no contact with the victim and the hearing was continued.

On October 1, 1999, the respondent appeared before the trial court, *Trombley, J.*, on a new charge of breach of the peace in violation of General Statutes § 53a-181.[3] This new charge was assigned docket number L15-99DD-09037-0. This charge stemmed from an incident in which the respondent allegedly mouthed obscenities at the victim's mother when the two inadvertently came into visual contact with each other from separate vehicles as they left the courthouse. The victim's mother requested, through a probation officer, that she be allowed to attend the October 1, 1999 hearing. The trial court, relying on General Statutes § 46b-138b[4] and Practice Book § 31-9,[5] concluded that, inasmuch as the October 1, 1999 hearing was not a dispositional hearing, but, rather, concerned the status of the respondent's predispositional detention, the victim's mother was not allowed to attend the hearing. Accordingly, the victim's mother was denied access to the hearing.

On December 17, 1999, the respondent admitted the allegations of juvenile delinquency contained in an

---

[3] Although the legislature made substantive changes to § 53a-181 in 2001; see Public Acts, Spec. Sess., November 15, 2001, No. 01-2, § 6 (effective January 1, 2002); those changes are inapplicable to the merits of this appeal.

[4] General Statutes § 46b-138b provides: "In any proceeding concerning the alleged delinquency of a child, any victim of the alleged delinquent conduct, the parents or guardian of such victim, an advocate for such victim, appointed under section 54-221, or such victim's counsel shall have the right to appear before the court for the purpose of making a statement to the court concerning the disposition of the case."

[5] Practice Book § 31-9 provides: "Whenever a victim of an alleged delinquent act, the parent or guardian of such victim, a General Statutes § 54-221 advocate or such victim's counsel exercises the right to appear before the judicial authority for the purpose of making a statement to the judicial authority concerning the disposition of the case, all parties, including the probation officer, shall be so notified. No statement shall be received unless the alleged delinquent has signed a statement of responsibility, confirmed a plea agreement or been convicted as a delinquent."

amended petition charging him with committing sexual assault in the fourth degree in violation of General Statutes § 53a-73a.[6] The prosecutor nolled the other pending charges. The trial court, *Trombley, J.*, directed the probation officer to notify the victim's mother and invite her to speak to the court at the respondent's dispositional hearing.

On March 16, 2000, the victim's advocate appeared, on behalf of the victim and the victim's parents, for the first time in docket number L15-99DD-07014-0, and requested that the trial court permit him, the victim and the victim's mother to participate fully in all future proceedings pursuant to the victim's rights amendment.[7] The victim's advocate argued that, pursuant to the victim's rights amendment, the victim possessed a constitutional right to attend the dispositional hearings and to make a statement regarding the disposition of the matter. On May 19, 2000, the trial court concluded that the victim's rights amendment was inapplicable because it applied only to "criminal prosecution[s]" and not to juvenile proceedings. The trial court, however, exercised its discretion, pursuant to General Statutes § 46b-122,[8] and permitted the victim, his parents and

---

[6] General Statutes § 53a-73a provides in relevant part: "(a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

[7] See footnote 2 of this opinion.

[8] General Statutes § 46b-122 provides: "All matters which are juvenile matters, as defined in section 46b-121, shall be kept separate and apart from all other business of the Superior Court as far as is practicable, except matters transferred under the provisions of section 46b-127, which matters shall be transferred to the regular criminal docket of said Superior Court. Any judge hearing a juvenile matter shall, during such hearing, exclude from the room in which such hearing is held any person whose presence is, in the court's opinion, not necessary, except that in delinquency proceedings any victim of the delinquent act, the parents or guardian of such victim and any victim advocate appointed pursuant to section 54-221 shall not be excluded unless the judge specifically orders otherwise."

the victim's advocate to attend the dispositional phase of the proceedings.

## I

## THE APPEAL

On June 7, 2000, the victim appealed from the trial court's judgment adjudicating the respondent a delinquent in docket number L15-99DD-07014-0. In his preliminary statement of issues, the victim claimed that the trial court improperly had: (1) denied the victim's request for an order of restitution; (2) determined that the victim's attendance at a juvenile proceeding "was a matter within the discretion of the [c]ourt"; (3) denied the "victim's request to attend proceedings prior to adjudication"; and (4) issued a subpoena to the victim's treating therapist. Thereafter, the state[9] moved to dismiss the victim's appeal on the ground that the victim was not a party to the respondent's juvenile delinquency proceedings and, therefore, lacked standing to appeal from the judgment adjudicating the respondent a delinquent. Furthermore, the state maintained in its motion to dismiss that the appeal failed to embody a justiciable controversy. The motion to dismiss was denied without prejudice to the renewal of the state's claims in the briefs on the merits of the appeal.

Subsequently, the victim filed a motion with this court for permission to file a late writ of error in which he acknowledged that "he may have mistakenly filed an appeal rather than a writ of error . . . ." We granted the victim's motion, and the victim filed this writ of error,[10] alleging that the trial court improperly had concluded that the victim's rights amendment does not apply to juvenile delinquency proceedings. The files

[9] The state is the petitioner in the first case, *In re Jonathan S.* (SC 16355), and the named defendant in error in the second case, *Matthew G.* v. *State* (SC 16452).

[10] The victim named the state and Jonathan S. as defendants in error.

pertaining to the writ of error and appeal then were consolidated.

In its brief on appeal, the state renews its claim that the appeal should be dismissed. The state argues that the appeal should be dismissed for lack of jurisdiction because the victim was not a party to the underlying juvenile delinquency action and, therefore, does not possesses either a constitutional or statutory right to appeal from the resulting judgment. The state cites *State v. Salmon*, 250 Conn. 147, 162, 735 A.2d 333 (1999), in support of this proposition. The victim does not argue that he possesses the requisite standing to appeal and "takes no position on whether an appeal or a writ [of error] is the proper procedural vehicle for review by th[is] court." Because the victim has failed to brief the issue of standing to appeal and because the issue of standing is a gateway issue in any appeal in which standing is contested, we deem this failure to constitute an abandonment of the appeal. See, e.g., *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 246 Conn. 18, 32 n.17, 716 A.2d 78 (1998); *Commission on Human Rights & Opportunities* v. *Truelove & Maclean, Inc.*, 238 Conn. 337, 344 n.11, 680 A.2d 1261 (1996); *Bridgeport Hospital* v. *Commission on Human Rights & Opportunities*, 232 Conn. 91, 115, 653 A.2d 782 (1995). We therefore need not reach the state's jurisdictional claim and dismiss the victim's appeal from the judgment adjudicating the respondent a delinquent.

## II

### THE WRIT OF ERROR

In the writ of error, the victim claims that, on March 16, 2000, he sought permission, pursuant to the victim's rights amendment, to attend all future court proceedings concerning docket number L15-99DD-07014-0. The victim maintains in the writ of error that "[t]he trial court erred in denying him permission to attend all of

the court proceedings" and improperly concluded that the victim's rights amendment does not apply to juvenile delinquency proceedings.

As this case comes before us on a writ of error, "[t]he scope of our review reaches only those matters appearing as of record. *State* v. *Assuntino*, 180 Conn. 345, 347, 429 A.2d 900 (1980); *Reilly* v. *State*, 119 Conn. 217, 223, 175 A. 582 (1934)." (Internal quotation marks omitted.) *Martin* v. *Flanagan*, 259 Conn. 487, 494, 789 A.2d 979 (2002). The record before us, however, does not contain any references to the victim being denied access to any hearing concerning docket number L15-99DD-07014-0 after his March 16, 2000 request to attend all future court proceedings.

On January 8, 2001, the victim filed a motion for rectification, seeking clarification from the trial court as to whether he had been allowed to attend the hearings held in the matter on December 2, 1999, and December 17, 1999. The trial court filed a memorandum in response to the victim's motion for rectification, and, subsequently, the victim filed a motion for review seeking further clarification. The trial court, in its memorandum of decision on the motion for review, addressed whether the victim and his family were denied access to the courtroom on each of the following days: December 2, 1999; December 17, 1999; December 23, 1999; and January 20, 2000. The trial court found that, on each of the aforementioned dates, there was no request by or on behalf of the victim or any member of his family to attend the proceedings. The court further found that there was no denial of access to the proceedings on any of the aforementioned dates. Our review of the relevant transcripts confirms the accuracy of these findings.

Before addressing the substantive issues raised in a writ of error, we first must determine whether we have

jurisdiction. We previously have held that a party bring-
ing a writ of error must be aggrieved. See, e.g., *Cannavo
Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 47, 478 A.2d
601 (1984). "The fundamental test for establishing clas-
sical aggrievement is well settled: [F]irst, the party
claiming aggrievement must successfully demonstrate
a specific personal and legal interest in the subject
matter of the decision . . . . Second, the party claim-
ing aggrievement also must demonstrate that its
asserted interest has been specially and injuriously
affected in a way that is cognizable by law." (Citations
omitted; internal quotation marks omitted.) *Crone* v.
*Gill*, 250 Conn. 476, 480, 736 A.2d 131 (1999).

As we previously stated, the victim was not denied
access to any hearing after March 16, 2000, the date on
which the victim's advocate appeared on behalf of the
victim and requested that he, the victim and the victim's
family be allowed to attend all future hearings. Further-
more, a review of the transcripts does not show any
denial of access on December 2, 1999, December 17,
1999, December 23, 1999, or January 20, 2000. The victim
maintains in his brief to this court, however, that he is
aggrieved because he and his mother were excluded
from the hearing held on October 1, 1999.[11]

The October 1, 1999 hearing was an arraignment hear-
ing for the respondent on the breach of the peace
charge.[12] The charge pertained to an incident in which

---

[11] See text accompanying footnote 3 of this opinion.

[12] The October 1, 1999 hearing was held for the purpose of arraigning the
respondent on the new charge in docket number L15-99DD-09037-0. During
the arraignment hearing, the prosecutor sought to have the respondent
placed in detention because his alleged breach of the peace was a violation
of the no contact order issued by the trial court, *Resha, J.*, in docket number
L15-99DD-07014-0. The victim did not appeal, either directly from the judg-
ment or by writ of error, in docket number L15-99DD-09037-0. For purposes
of this appeal, however, we assume that the October 1, 1999 hearing consti-
tuted a hearing concerning docket number L15-99DD-07014-0 and docket
number L15-99DD-09037-0. We note that references to the docket numbers
are inconsistent throughout the record in this case and thus the record was
not a model of clarity.

the respondent allegedly mouthed obscenities at the victim's mother. During the October 1, 1999 hearing, the victim's mother requested, through a probation officer, that she be allowed to attend the hearing, but her request was denied. The record does not reflect that on, or prior to, October 1, 1999, any written motion concerning access to the proceedings was submitted to the trial court. Furthermore, no mention was made on October 1, 1999, of a constitutional right to attend the hearing; instead, the request to attend this hearing was conveyed to the court by a probation officer, who merely stated: "Your Honor, first of all, I just want to report to the court that the victim is here today requesting to be present in the hearing for today."

Thus, the record reflects that the trial court was provided with no legal basis in support of the request to attend the October 1, 1999 hearing. Consequently, the trial court reasonably assumed that the victim's mother was seeking access to the courtroom pursuant to § 46b-138b[13] and Practice Book § 31-9.[14] The trial court exercised its discretion pursuant to § 46b-122[15] and denied the request, concluding that § 46b-138b and Practice Book § 31-9, which afford victims, and certain persons associated therewith, the right to attend juvenile delinquency hearings, apply only to dispositional hearings and not to nondispositional hearings, such as the October 1, 1999 hearing at issue in the present case. Furthermore, the trial court denied the mother's request to attend the hearing in order to avoid another face-to-face confrontation between the victim or the victim's mother and the respondent in light of the volatile relationship that existed between them at that time.[16]

---

[13] See footnote 4 of this opinion.

[14] See footnote 5 of this opinion.

[15] See footnote 8 of this opinion.

[16] The trial court stated in relevant part: "And the court will note two things actually. Number one, [§] 46b-138b . . . indicates in a proceeding concerning the alleged delinquency of a child, any victim or the parents or guardian of any such victim shall have a right to appear before the court

Neither the victim's mother nor the victim advised the trial court of any basis in support of the request to attend the October 1, 1999 hearing. The victim has the "responsibility to present such a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action. That is the basis for the requirement that ordinarily [the appellant] must raise in the trial court the issues that he intends to raise on appeal." *State* v. *Groomes*, 232 Conn. 455, 466, 656 A.2d 646 (1995). As such, to countenance on appeal the victim's claim regarding the October 1, 1999 hearing would be to impose an untenable burden on the trial court and would amount to appeal by ambuscade. We conclude that the request to attend the October 1, 1999 hearing was inadequate to advise the trial court of the legal basis for the request and, accordingly, we decline to review the victim's claim as to the October 1, 1999 hearing.

With respect to the victim's claims concerning the other hearings held on December 2, 17 and 23, 1999, and January 20, 2000, we conclude, from a review of the relevant transcripts, that the victim did not request, and was not denied, access to those proceedings. There-

for the purpose of making a statement to the court concerning the disposition of the case. That coupled with [§] 31-9 of the Practice Book, which indicates that whenever a victim of an alleged delinquent act [or] parent or guardian of such victim exercises the rights pursuant to statute that, again, the purpose has to be for making a statement concerning disposition. No statement shall be received unless the alleged delinquent has signed the statement of responsibility, confirmed a plea agreement or been convicted as a delinquent. So reading those two in conjunction with each other, victims are invited by statute and by Practice Book to make statements to the court concerning disposition only when disposition is the issue. And we're having a detention hearing today, an arraignment today, and based upon my understanding of the Practice Book and the General Statutes, the victim would not be permitted to enter the courtroom.

"You may so inform the victim if you would like so [he] doesn't have to needlessly hang around the courthouse. Plus, I do not want the risk of accidental contact by virtue of [the victim and the respondent] being in the same place at the same time this morning."

fore, the victim is not aggrieved with respect to those dates.

The appeal in the first case is dismissed; the writ of error in the second case is dismissed.

In this opinion the other justices concurred.