******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ASSELIN AND VIECELI PARTNERSHIP, LLC *v.*
STEVEN T. WASHBURN
(AC 41439)

DiPentima, C. J., and Keller and Sheldon, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for, inter alia, negligence in connection with the defendant's construction of a bulkhead at a marina operated by M Co. on property owned by the plaintiff. Pursuant to a lease agreement between the plaintiff and M Co., M Co. was obligated to maintain the structural improvements at the marina. When the bulkhead began to deteriorate soon after its construction, the plaintiff commenced this action against the defendant, who then filed a motion to stay the action for arbitration pursuant to an arbitration clause in the construction contract between the defendant and M Co., of which the plaintiff was a third-party beneficiary. The trial court granted the motion and stayed the plaintiff's action pending arbitration. Thereafter, the plaintiff and the defendant entered into an agreement with an arbitrator to arbitrate their dispute. The arbitration agreement provided, inter alia, that the arbitration would proceed on an ad hoc basis, without an administering organization. In her award, the arbitrator found that the bulkhead was a total loss, that the defendant was negligent in constructing it and that his negligence proximately caused its failure. The arbitrator awarded the plaintiff $275,607 in damages. Thereafter, the defendant filed a demand for a trial de novo with the trial court, and the plaintiff filed an objection to that demand and an application to confirm the arbitration award. Following a hearing, the court denied the defendant's demand for a trial de novo and granted the plaintiff's application to confirm the award. On the defendant's appeal to this court, *held*:

1. This court declined to review the defendant's claims that the trial court should have vacated the arbitration award because the arbitrator failed to comply with the mandatory oath requirement of the applicable statute (§ 52-414 [d]) and the plaintiff failed to comply with the statute (§ 52-421 [a]) that requires certain documents to be filed with the court clerk in conjunction with an application to confirm an arbitration award; the defendant failed to preserve his claims of noncompliance with §§ 52-414 (d) and 52-421 (a) for appellate review, as he failed to raise them in his demand for a trial de novo or during the hearing before the trial court.

2. The trial court properly granted the plaintiff's application to confirm the arbitration award, as the defendant failed to demonstrate that the arbitrator exceeded or imperfectly executed her powers in issuing the award in violation of the applicable statute (§ 52-418 [a] [4]): contrary to the defendant's claim, the arbitrator did not exceed her authority when she did not apply the construction industry rules of the American Arbitration Association when arbitrating the dispute between the parties, as the arbitration agreement lacked any reference to those rules and, instead, provided that the arbitration would proceed on an ad hoc basis, without an administering organization; moreover, the record did not support the defendant's claim that the arbitrator exceeded her authority and manifestly disregarded the law in failing to consider the parties' obligations under the construction contract, as the arbitrator indicated in her decision that she considered the duties and obligations created by the contract, and her award discussed the obligations of the defendant in building the bulkhead and the plaintiff's obligations in acquiring the materials for its construction.

Argued September 19—officially released November 26, 2019

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New

London, where the court, *Vacchelli, J.*, granted the defendant's motion to stay the proceedings for arbitration; thereafter, the court, *Cosgrove, J.*, denied the defendant's demand for a trial de novo and granted the plaintiff's application to confirm an arbitration award, and the defendant appealed to this court. *Affirmed.*

*Steven B. Kaplan*, with whom were *Carolyn A. Young* and, on the brief, *Daniel S. DiBartolomeo*, for the appellant (defendant).

*Eugene C. Cushman*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Steven T. Washburn, appeals from the judgment of the trial court denying his demand for a trial de novo following an arbitration award in favor of the plaintiff, Asselin & Vieceli Partnership, LLC. The trial court also confirmed the arbitration award upon an application filed by the plaintiff. On appeal, the defendant claims that the court improperly confirmed the arbitration award because the arbitrator had failed to take an oath required by General Statutes § 52-414 (d), the plaintiff failed to file certain required documents required by General Statutes § 52-421 (a) and the arbitrator exceeded her powers or imperfectly executed them in violation of General Statutes § 52-418 (a) (4). We disagree and, accordingly, affirm the judgment granting the plaintiff's application to confirm the arbitration award.

The following facts, which were found by the arbitrator, and procedural history are relevant to this appeal. In February, 2015, the defendant entered into a contract for the excavation and construction of a new bulkhead at Four Mile River Marina in Old Lyme. Bob Asselin, a member of the plaintiff, signed the contract as the authorized agent for Four Mile River Marina, LLC. (marina). Asselin is also an officer of the marina. The plaintiff owns the property that the marina rents and on which it operates its business. Pursuant to the lease agreement between the plaintiff and the marina, the marina was obligated to maintain the structural improvements at the marina. Accordingly, the marina entered into the contract with the defendant for repair of the bulkhead. The contract was signed on February 2, 2015. Construction of the bulkhead was completed on April 28, 2015. Shortly after the defendant's work crew left the property, the bulkhead began to deteriorate. Over the next few weeks "the sheeting dislodged, the tie rods gave way, the wale broke apart and the vinyl sheeting cracked." As a result, the bulkhead became entirely useless.

On September 12, 2016, the plaintiff initiated this action against the defendant. Its complaint alleged negligence, innocent misrepresentation, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On January 13, 2017, the defendant filed a motion for a stay in order to arbitrate, pursuant to the arbitration clause in the subject contract.[1] The court granted the motion and stayed the plaintiff's case for arbitration.

The parties signed an agreement with Elaine Gordon to arbitrate the dispute. The "Arbitration Retainer Agreement" (arbitration agreement) signed by the parties included the caption of the underlying civil action as part of its heading.[2] The arbitration agreement provided that the parties would retain Gordon "to serve as the

Arbitrator in the above named dispute." The arbitration agreement further provided that the arbitration would "proceed on an ad hoc basis, without an administering organization."

During the arbitration proceedings, which began on December 1, 2017, Gordon accepted all the evidence submitted by the parties. On December 21, 2017, Gordon issued her arbitration award, finding that the bulkhead constructed by the defendant was a total loss, that the defendant was negligent in constructing it, and that his negligence proximately caused its failure. Gordon then awarded $275,607 to the plaintiff, including compensatory damages and attorney's and expert fees.

On December 28, 2017, the defendant filed a "Demand for Trial De Novo,"[3] and the plaintiff filed an objection to the defendant's demand and an application to confirm the arbitration award. On February 28, 2018, following a hearing, the court denied the defendant's demand for a trial de novo and granted the plaintiff's application to confirm the arbitration award. This appeal followed.

On appeal, the defendant raises three challenges to the judgment of the court confirming the arbitration award. First, he claims that the award should be vacated because the arbitrator failed to undertake or affirm the mandatory oath required by § 52-414 (d). Second, he claims that the award should be vacated because the plaintiff failed to satisfy the requirements of § 52-421 (a) regarding documents that were required to be filed with the court clerk in conjunction with the plaintiff's application to confirm the award. Third, he claims that the award should be vacated because the arbitrator exceeded or imperfectly executed her powers in issuing the award, in derogation of § 52-418 (a) (4). Specifically, the defendant argues that the arbitrator exceeded her powers by failing to conduct the arbitration in accordance with the construction industry rules of the American Arbitration Association and that she exceeded her authority and manifestly disregarded the law by failing to consider the parties' contractual relationship and their obligations thereunder. We are not persuaded by any of the defendant's claims.

I

The record reveals that the first two claims, concerning alleged noncompliance with §§ 52-414 (d) and 52-421 (a), were not preserved. Accordingly, we decline to review those claims on appeal. See Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

It is the appellant's "responsibility to present . . . a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action. That is the basis for the requirement that ordi-

narily [the appellant] must raise in the trial court the issues that he intends to raise on appeal." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 265, 828 A.2d 64 (2003). For this court "[t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge. . . . We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Internal quotation marks omitted.) Id.

"[T]he determination of whether a claim has been properly preserved will depend on a careful review of the record to ascertain whether the claim on appeal was articulated [before the trial court] with sufficient clarity to place the trial court on reasonable notice of that very same claim." *State* v. *Jorge P.*, 308 Conn. 740, 754, 66 A.3d 869 (2013). In his demand for a trial de novo, the defendant argued that the arbitrator's decision was arbitrary and capricious because she had failed to consider that the contract was for labor only, considered incorrect information provided by the plaintiff's experts, and failed to consider evidence submitted by the defendant. The demand for a trial de novo makes no reference to the arbitrator's failure to take the oath before hearing the arbitration as required by § 52-414 (d) or to the plaintiff's failure to file certain documents required by § 52-421 (a). The defendant also failed to raise these two issues before the court, *Cosgrove, J.*, during the hearing. Therefore, because the defendant failed to preserve these issues in the proceedings before the trial court, we decline to consider them now for the first time on appeal.[4]

II

We next turn to the defendant's claim that the arbitrator exceeded or imperfectly executed her powers by issuing the award in derogation of § 52-418 (a) (4). The plaintiff counters, inter alia, that the defendant did not preserve this challenge in prior proceedings. Upon review of the record, we conclude that the defendant did raise this issue before the trial court. We agree, however, with the court's determination that there was no basis to vacate the arbitrator's decision under § 52-418 (a) (4) and that the award should be confirmed.

We begin by setting forth the well established principles that guide our review of arbitration awards. Because courts "favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation

marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80, 881 A.2d 139 (2005).

The scope of our review of the arbitrator's decision is defined by whether the submission to arbitration was restricted or unrestricted. "The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision." (Internal quotation marks omitted.) Id., 81–82.

"The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." *Garrity* v. *McCaskey*, 223 Conn. 1, 5, 612 A.2d 742 (1992). As discussed previously, the arbitration agreement provided that the parties would retain Gordon "to serve as the Arbitrator in the above named dispute" which referred to the underlying tort case initiated by the plaintiff. This broad submission contains no limitations on the issues to be considered, no reservations of rights, nor any language regarding court review. The record is clear that the court and the parties proceeded on the understanding that the submission was unrestricted. We also note that the defendant does not argue on appeal that the submission to arbitration was restricted.[5]

In light of the unrestricted submission, the scope of our review is limited. "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 80. "[T]he arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 110, 779 A.2d 737 (2001).

When reviewing an unrestricted submission to arbitration, however, our Supreme Court has recognized a

few limited circumstances in which a court can vacate an award: "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 81. It is the third circumstance that is the focus of our analysis of the defendant's remaining claim. Section 52-418 (a) provides four grounds for vacating an arbitrator's award.[6] Further, our Supreme Court also has recognized that a claim that an arbitrator has manifestly disregarded the law may be asserted under § 52-418 (a) (4). *Garrity* v. *McCaskey*, supra, 223 Conn. 10.

With these principles in mind, we turn to the defendant's specific claims about how the arbitrator allegedly exceeded her powers under § 52-418 (a) (4). The defendant argues first that the arbitrator exceeded her powers in failing to conduct the arbitration under the construction industry rules of the American Arbitration Association. We are not persuaded.

"In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 81. In the present matter, the arbitration agreement stated: "The Arbitration will proceed on an ad hoc basis, without an administering organization." In the arbitration agreement there is no reference to the construction industry rules of the American Arbitration Association, or any other set of rules. "When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 258 Conn. 114. Because the arbitration agreement lacks any reference to the construction industry rules of the American Arbitration Association, the arbitrator did not exceed her authority when she did not apply those rules when arbitrating the dispute between the plaintiff and the defendant.[7]

The defendant's second claim is that the arbitrator exceeded her authority and manifestly disregarded the law in failing to consider the parties' contractual relationship and the duties and obligations under the contract when determining the arbitration award. We disagree.

As discussed previously in this opinion, it is well established that "[i]t is the province of the parties to set the limits of the authority of the arbitrators, and the parties will be bound by the limits they have fixed." (Internal quotation marks omitted.) *MBNA America Bank, N.A.* v. *Boata*, supra, 283 Conn. 386. In the case of an unrestricted submission like the one at issue here,

our review is generally limited to determining whether the award conforms to the submission. See *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 258 Conn. 110. Our Supreme Court has also recognized that "an arbitrator's egregious misperformance of duty may warrant rejection of the resulting award." *Garrity* v. *McCaskey*, supra, 223 Conn. 7–8. "[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a) (4) because the arbitrator has exceeded [her] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. We emphasize, however, that the manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotations marks omitted.) Id., 10. To demonstrate this, the defendant must show that "the award reflects an egregious or patently irrational rejection of clearly controlling legal principles." Id., 11. The defendant has failed to do so here.

The defendant argues that the arbitrator ignored clearly established legal principles by disregarding the contractual relationship between the parties. Specifically, the defendant argues that the arbitrator ignored established legal principles by not considering the duties and obligations of the parties that arose out of the contract. The arbitrator's decision, however, indicates that she did consider the duties and obligations created by the contract. Her award discusses the obligations of the defendant in building the bulkhead and of the plaintiff in acquiring the materials for the construction of the bulkhead.[8]

The defendant has failed to demonstrate that the arbitrator exceeded or imperfectly executed her powers in issuing the arbitration award. The record does not support the defendant's claim that the arbitrator exceeded her powers in failing to conduct the arbitration in accordance with the construction industry rules of the American Arbitration Association, or that the arbitrator exceeded her authority and manifestly disregarded the law in failing to consider the parties' obligations under the contract. We conclude, therefore, that the court properly granted the plaintiff's application to confirm the arbitration award.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff objected to the defendant's motion to stay to arbitrate. The plaintiff argued that it was not a party to the contract and, therefore, not bound by the arbitration clause in the contract between the marina and the defendant. The court, *Vacchelli, J.*, determined that because the plaintiff was a third-party beneficiary of the contract, it also was bound by the arbitration clause in the contract. The court then stayed the case pending arbitration.

[2] The arbitration agreement's heading is "Asselin v. Washburn, KNL-CV16-6027983."

[3] The defendant incorrectly relied on General Statutes § 52-549z when filing the demand for a trial de novo. General Statutes § 52-549u governs arbitration of certain civil matters and provides that a court, in its discretion, may refer to an arbitrator "any civil action in which in the discretion of the court, the reasonable expectation of a judgment is less than fifty thousand dollars exclusive of legal interest and costs and in which a claim for a trial by jury and a certificate of closed pleadings have been filed." Pursuant to § 52-549z, the decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d), which provides in relevant part that "[a]n appeal by way of a demand for a trial de novo must be filed with the court clerk within twenty days after the deposit of the arbitrator's decision in the United States mail . . . ." The present case did not involve a matter that was referred to arbitration pursuant to § 52-549u and, thus, § 52-549z was not applicable. The trial court nevertheless treated the demand for a trial de novo as a motion to vacate the arbitration award. Thus, the defendant was permitted to present argument on why the award should be vacated under § 52-418.

[4] The defendant argues that even if we were to find that the claims were not preserved, this court should still review them because they implicate subject matter jurisdiction, constitute plain error, and require review in the interest of justice and fairness. We disagree.

First, the defendant's argument that the failure of the arbitrator to take an oath constitutes a defect equivalent to a lack of subject matter jurisdiction is misplaced. Our Supreme Court in *MBNA America Bank, N.A.* v. *Boata*, 283 Conn. 381, 388–91, 926 A.2d 1035 (2007), clarified the distinction between the authority of the arbitrator and the judicial concept of subject matter jurisdiction. The court stated that "[b]ecause the parties' mutual assent confers power on the arbitrator, a claim that an arbitrator lacks the authority to hear a matter can be waived and, once waived, cannot be reclaimed." Id., 390. Here, the parties together, in an agreement devoid of any reference to an oath, retained the arbitrator to arbitrate the dispute between them. Thus, the parties' mutual assent conveyed authority to her to decide their dispute. The failure of the arbitrator to take an oath does not negate the authority that parties conferred on her through their mutual agreement. The defendant's other argument that the arbitrator's failure to follow the construction industry rules of the American Arbitration Association also implicates her authority fails for the same reason.

The defendant's second argument that the arbitrator's failure to take an oath and the plaintiff's failure to file certain documents in conjunction with its application to confirm the arbitration award constitutes plain error is similarly unfounded. See Practice Book § 60-5; see also *In re Jonathan S.*, 260 Conn. 494, 505, 798 A.2d 963 (2002). "[T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [I]n addition to examining the patent nature of the error, the reviewing court must examine that error for the grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. . . . An appellant cannot prevail . . . unless he demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Cane*, 193 Conn. App. 95, 126,     A.3d     (2019). The claimed error here is not "so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) Id., 130.

[5] At oral argument before this court, the defendant stated that there were no specifications made by either party about what claims were to be adjudicated in the arbitration.

[6] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have

been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[7] The parties offered conflicting interpretations of the Latin phrase "ad hoc" as used in the arbitration agreement, which the parties and the arbitrator signed. The arbitration clause contained within the original contract between the defendant and the marina stated: "Any claims or disputes between the Contractor and the Owner arising from this agreement shall be resolved by arbitration in accordance with the construction industry Arbitration Rules of the American Arbitration Association unless both parties agree otherwise."

The arbitration agreement, however, contained no reference to any set of rules that the arbitrator was required to use. The arbitration agreement instead stated that the arbitration would "proceed on an ad hoc basis . . . ." The defendant argued that "ad hoc" as used in the agreement meant "formed for a particular purpose"; specifically, that "[t]he selection of the arbitrator on an 'ad hoc basis' simply meant that she was selected for the special purpose of acting as an arbitrator for the specific dispute between the parties . . . ." According to the defendant, this required the use of the construction industry rules of the American Arbitration Association. In contrast, the plaintiff argued that the use of "ad hoc" meant that the "parties agreed 'otherwise' as to the use of the American Arbitration Association and its rules." The plaintiff further argued that the defendant waived this challenge by failing to object during the arbitration proceedings and to raise this issue to the court during the hearing. Because the submission was unrestricted and the agreement submitted to arbitration contained no reference to any rules that the arbitrator was to use, we agree with the plaintiff that the arbitrator was not required to use the construction industry rules of the American Arbitration Association.

[8] Furthermore, even if we accepted the defendant's contention that the arbitrator incorrectly determined that the contract was not a "labor only" contract, such error would not mean that the arbitrator manifestly disregarded the law. In *Garrity* v. *McCaskey*, supra, 223 Conn. 11, the defendant argued that the arbitrators misapplied equitable tolling doctrines in determining that the plaintiff's claims were not barred by the statute of limitations. Our Supreme Court rejected this argument, determining that "[e]ven if the arbitrators were to have misapplied the law governing statutes of limitations, such a misconstruction of the law would not demonstrate the arbitrators' egregious or patently irrational rejection of clearly controlling legal principles. The defendant's claim in this case falls far short of an appropriate invocation of § 52-418 (a) (4) for manifest disregard of the law." Id., 11–12. The same reasoning is true in the present case. Here, although we conclude that the arbitrator properly considered the contract, even if she had failed to consider the parties' contractual obligations under the contract adequately, this does not constitute manifest disregard of the law.

———————————————